In the Matter of MARTIN O'BRIAN, an Attorney.

First Department, May 27, 1921.

**Attorney and client — attorney suspended from practice for one year for omitting to inform clients of collections and converting same to his own use — age and previous good character of attorney considered.**

An attorney at law, guilty of misconduct in failing to inform his clients of the amounts collected for them and in converting part of said amounts to his own use, is sufficiently punished by suspending him from practice for one year, where it appears that he is seventy years of age and has been long at the bar without previous charges having been made against him.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie*, for the petitioner.

*John T. Easton*, for the respondent.

CLARKE, P. J.  The respondent was admitted to the bar at a General Term of the Supreme Court, Third Department, in 1879, and has ever since been practicing as an attorney and counselor at law in this State.  He was charged with misconduct as an attorney, in brief, as follows:

(a) While acting as attorney for Ellen Anderson he collected $500 from the Travelers Insurance Company in settlement of her claim for damages for injuries suffered by her in an automobile accident.  He thereafter represented to Carl Anderson, also his client, that he had settled such claim for $350, and converted the balance thereof to his own use.

(b) That being the attorney for said Carl Anderson he collected a judgment in favor of the latter against the Globe Tire Company for $378 and concealed from his client the fact that he had so collected the judgment and converted the amount thereof to his own use.

The facts reported by the learned official referee and sustained by the evidence are that Mr. and Mrs. Anderson in an automobile owned by the former had a collision with a truck of the Globe Tire Company somewhere in New Jersey prior to November, 1919.  Mrs. Anderson was physically injured, her husband's automobile was damaged.  The Globe Tire Company apparently carried insurance in the Travelers Insurance Company.  Anderson retained the respondent, whom he had not previously known, to prosecute his own and his wife's claim on a contingent fee of thirty-three and one-third per cent of the amount collected.  Respondent brought action for both of them.  On or about February 24, 1920, the respondent settled the case of Mrs. Anderson with the insurance company for $500 and received in payment its check to his order for that amount.  A few days thereafter respondent notified Anderson that he had settled the matter and the latter came to his office where it is admitted that he received from the respondent $233 in cash on behalf of his

wife. Anderson testified that respondent told him he had collected $350 from the insurance company and did not tell him that he had in fact collected $500. The respondent on the contrary testified that he informed Anderson that the amount collected was $500, that he paid him on the last-mentioned date $233, and then and there stated to him that he was short of funds, and that Anderson consented to loan him $100 of the money then collected. Anderson denies any such transaction. Respondent did not give to Anderson or his wife any note, receipt or other evidence of this alleged loan and the learned referee finds that no such transaction took place.

Thereafter a judgment was obtained in Anderson's action for damages to his automobile for $378, and on May 10, 1920, respondent received a check for that amount in payment thereof, which check he cashed, concealed the fact of his collection of the amount of the judgment from his client and converted the same to his own use. Thereafter Anderson discovered that the judgment in his favor for $378 had been satisfied and then went to the Travelers Insurance Company and learned that his wife's case had been settled for $500, and he testified that he went to the respondent who said: " Certainly I got the money but I was short and I used it," and gave Anderson his note for $208 payable in fifteen days. He subsequently sent to Mrs. Anderson two payments, one of $10 and one of $25. The balance of the amount due on said note is still unpaid.

There was some conflict in the evidence, respondent claiming that he had informed the Andersons that the settlement had been made for $500 and that he had collected the amount and that $100 thereof had been loaned to him. The learned referee who had the benefit of seeing and listening to the witnesses has resolved the question of fact involved against the respondent and has found: " It is my opinion that the respondent has been guilty of unprofessional conduct in that he omitted to inform his clients of the amounts collected for them and in converting part of the same and I find that the charges are sustained to the extent indicated."

A careful examination of the testimony adduced upon the hearing satisfies us that the conclusion of the referee is sus-

tained by the evidence and we approve the same.  It is elementary that an attorney has no right to conceal the facts of his collection of moneys due to his clients and has no right to retain any part thereof, beyond his agreed-upon compensation for his services.  It is clear that the respondent deceived his clients and converted their money.  His attempted defense and excuse of a loan to him of a portion thereof, not evidenced by any writing, receipt, note or memorandum, was not believed by the referee who has found the client's statement of the facts sufficiently corroborated and so it appears to us.

The respondent is seventy years of age and has been long at the bar without previous charges having been made against him.  Taking these matters into consideration we think justice will be done by suspending respondent for a year.

LAUGHLIN, DOWLING, MERRELL and GREENBAUM, JJ., concur.

Respondent suspended for one year.  Settle order on notice.